[No. 8217-5-I.   Division One.   December 17, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE L. AVEN, ET AL, *Appellants.*

---

*Eugene Aven,* pro se.

*C. Thomas Moser, Prosecuting Attorney,* and *Donald Bisagna, Deputy,* for respondent.

DORE, J.—Pro se appellants seek reversal of dismissal of their appeal from district court for failure to prosecute.

## ISSUES

1. Were defendants wrongfully denied assistance of counsel?

2. Did defendants' failure to comply with applicable time limits constitute excusable neglect?

## FACTS

12/6/78   Criminal complaints were filed against defendants in district court charging them with Unexcused Mandatory Attendance, in violation of RCW 28A.27.010.[1]

---

[1] RCW 28A.27.010 reads in pertinent part:

"All parents . . . in this state having custody of any child eight years of age and under fifteen years of age shall cause such child to attend the public school of the district in which the child resides . . . or to attend a private school . . . unless the school district superintendent of the district in which the child resides shall have excused such child from attendance . . .

1/2/79    Notice of appearance was filed by defendants' attorney.

4/5/79    Defendants appeared stating they were no longer represented by counsel. Defendants were granted a continuance for 3 weeks to secure another attorney.

7/17/79   Defendants were convicted as charged. No attorney represented them at the district court trial.

7/27/79   Defendants filed a notice of appeal.

8/6/79    Transcript from district court was filed with the Clerk of Skagit County Superior Court. Letter of transmittal was mailed to each defendant.

10/17/79  Motion and affidavit for order dismissing appeal was filed by the State alleging defendants failed to comply with JCrR 6.01(e).[2]

10/30/79  Court found no excusable neglect justified defendants' failure to timely note case for trial. Court signed order dismissing appeal for failure of defendants to properly perfect and diligently prosecute appeal.

## DECISION

ISSUE 1: No right to appointed counsel.

Defendants argue, without citation of authority, that the court failed to appoint counsel to the defendants in their criminal trial when the defendants could not afford to retain counsel. We note that the record fails to show that defendants were unable to secure their own attorney; in

---

"All parents . . . in this state having custody of any child fifteen years of age and under eighteen years of age shall cause such child to attend the public school of the district in which the child resides . . . or to attend a private school . . . excepting when the school district superintendent determines that such child [need not attend, for delineated reasons not applicable to the subject case] . . .

"An approved private and/or parochial school for the purposes of this section shall be one approved under regulations established by the state board of education pursuant to RCW 28A.04.120 as now or hereafter amended."

[2]JCrR 6.01(e):
"**Noting for Trial.** Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal."

fact, until the time of trial there was an attorney representing defendants.

■ The penalty for conviction under RCW 28A.27.010, set out in RCW 28A.27.100[3] is a fine. The United States Supreme Court has held that the right to counsel, guaranteed by the Sixth and Fourteenth Amendments, does not extend to an indigent criminal defendant unless the defendant is sentenced to a prison term. *Scott v. Illinois,* 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1978). No such sentence was, nor could have been imposed in the subject case. We hold that defendants in the subject case had no constitutional right to appointed counsel.

ISSUE 2: No excusable neglect.

Defendants contend that their failure to comply with JCrR 6.01(e) was due to the failure of the clerk of the district court to notify defendants that the transcript had been filed with the Superior Court,[4] as well as by affirmative misadvice by a public official. Defendants' failure, they argue, should be regarded as "excusable neglect."

■ Each case of excusable neglect must be decided on its own facts. *Goldendale v. Graves,* 88 Wn.2d 417, 562 P.2d 1272 (1977). JCrR 10.01(b)(2) states:

> **(b)** Whenever by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion: . . . (2) upon motion and notice permit the act to

---

[3]RCW 28A.27.100 provides, in part: "Any person violating any of the provisions of either RCW 28A.27.010 or 28A.27.090 shall be fined not more than twenty–five dollars for each day of unexcused absence from school."

[4]JCrR 6.01(c) reads, in part: "After a notice of appeal is filed, the justice court shall immediately, and in no event later than 10 days thereafter, file with the clerk of the superior court in which the appeal is pending a transcript duly certified by such justice court, furnished without charge, containing a copy of all written pleadings and docket entries, and including exhibits introduced into evidence in the trial before the justice court.

JCrR 6.01(d) reads, in part: "The justice court shall give prompt notice of the filing or mailing to the respondent and appellant, giving such particulars as date of filing or mailing and superior court file number, if known."

be done after the expiration of the specified period where the failure to act was the result of excusable neglect; . . .

■ The State concedes, for the sake of argument, that the defendants did not receive notice from the district court clerk. That error on the clerk's part is insufficient, by itself, to constitute a defense of excusable neglect. *State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300, *review denied,* 90 Wn.2d 1018 (1978). The court in *Miller* found it was defendant's duty to turn to JCrR 6.03(a)[5] for a remedy when the clerk fails to notify defendant of filing of the transcript in superior court. A defendant may not shift the burden to the State to perfect his appeal. *State v. Gregory,* 74 Wn.2d 696, 699, 446 P.2d 191 (1968). The appellant must

personally complete the procedural tasks necessary to complete the appeal, or to ascertain by whatever means were available that it was accomplished, and to make certain of the time remaining to him to note his appeal for trial setting.

■ The fact that defendants represent themselves does not change the law. The defendant in *Miller* was proceeding pro se and raised the issue with the court, which rejected that distinction.

An orderly judicial system cannot have one set of rules for cases handled by attorneys, and another set for those who wish to take the risk of representing themselves.

*State v. Miller, supra* at 436.

The allegation of affirmative misadvice is as follows: (1) defendants inquired about court rules and were told by the district court clerk that "There are no such rules", (2) defendants were told by the superior court clerk that only attorneys were permitted access to the law library, (3) defendants contacted the Whatcom County Prosecuting

---

[5]JCrR 6.03(a) reads in part: "If the lower court fails, neglects or refuses to make and certify the transcript within the time allowed, the appellant may make application to the superior court not later than 20 days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript."

Attorney but that office was reluctant to offer help, and (4) private attorneys contacted failed to assist defendants.

The record shows that the State contacted the district court clerk and

> her reference to the situation was that she was not familiar with how to interpret the rules and they [defendants] had better talk to Judge Ridgway or an attorney. She wasn't in a position to interpret the rules for them.

As to access to the law library, the record shows that the defendant husband admitted having been in the law library on three separate occasions. We find it inconceivable that private attorneys contacted by defendants would not be aware of the rules on appeal and so inform the defendants. Defendants' bare allegation of such facts is uncorroborated in the record.

For 71 days after the transcript was filed, the defendants did nothing to ascertain the state of the record of their case. Such nonaction cannot constitute excusable neglect. We concur in the trial court's statement summarizing as follows:

> [T]he real gist of [defendants'] argument is, as I understand it, that this does constitute excusable neglect because they claim they were told by a clerk that she had never heard of the rules or never heard of such a thing. On the same topic, Mr. Aven states that he has consulted private attorneys on this subject and that he has consulted the Prosecuting Attorney in Whatcom County, and I am looking at the very pleadings filed by the defendant in district court which indicate to me somewhere there has been legal advice given these people. Certainly the terminology they use indicates to me they are familiar with the law. They do have knowledge of the law, including citing of Supreme Court cases, the correct rules. The correct procedure has been followed ever since the Prosecuting Attorney filed this Motion on October 17.

We agree with the trial court's dismissal of the defendants' appeal.

932

Affirmed.

CALLOW, C.J., and JAMES, J., concur.