[No. 9772-5-I.   Division One.   September 15, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. RUSSELL H. KEYES, *Appellant.*

*Abbott, Curtis, Galvin & Sandell* and *Richard Fast,* for appellant.

*Douglas N. Jewett, City Attorney,* for respondent.

WILLIAMS, J.—Russell H. Keyes appeals the dismissal of his superior court appeal of a Seattle Municipal Court conviction for assault. We affirm.

The pertinent facts are summarized in the City's narrative report of proceedings as follows:

MUNICIPAL COURT CONVICTION/NOTICE OF APPEAL

Russell H. Keyes, the defendant in the above–entitled cause, was convicted of assault pursuant to Seattle Criminal Code, Section 12A.04.020 in Department Four of the Seattle Municipal Court on May 19, 1980, and a notice of appeal to the King County Superior Court was filed on May 20, 1980.

NOTICE OF FILING TRANSCRIPT/FIRST NOTE
FOR TRIAL/FIRST TRIAL DATE

A notice of filing transcript dated May 30, 1980 was served on Mr. Keyes, and he noted his case for trial on June 5, 1980. A trial de novo date in King County Superior Court was set for July 22, 1980.

DEFENSE MOTION FOR CONTINUANCE GRANTED

On July 16, 1980, counsel for Mr. Keyes filed a motion in the King County Superior Court requesting a continuance of the trial date for the reason that Mr. Keyes would be in another state on business at that time and would not be able to return to Seattle until late September or early October. The motion was granted on July 21, 1980, and a second trial date was set for October 6, 1980. The Court further ordered that Mr. Keyes' jury trial would be presided over by a judge pro tem.

SECOND TRIAL DATE STRICKEN

On the morning of October 6, 1980, both parties appeared before the presiding judge for the call of the trial calendar and indicated their readiness to proceed. The case was stricken from the trial calendar by the court for the reason that the parties had failed to timely designate their choice of an agreed judge pro tem and to timely notify the calendar department that a trial before a judge pro tem would, in fact, take place. The parties were instructed to renote the cause for trial and to jointly select a judge pro tem.

COUNSEL FOR THE PARTIES CONFER

Before leaving the presiding courtroom, counsel for the City and for Mr. Keyes held a conference wherein the City agreed to verify the list of judges pro tem and to supply defense counsel such a list, and defense counsel agreed to check with the calendar department about the availability of a new court date and to renote the matter for trial.

### First Remand Motion Denied

On October 28, 1980, the City determined that Mr. Keyes had not renoted his case for trial. On October 31, 1980, a motion was made before the presiding judge of the King County Superior Court for the dismissal of Mr. Keyes' de novo appeal and for the remand of his case to the Seattle Municipal Court. A hearing was scheduled for October 31, 1980 at 1:30 p.m. Counsel for the City appeared at approximately 1:40 p.m. and learned that the motion had been denied.

### Counsel for the Parties Confer Again

Mr. Keyes' attorney, who had made a timely appearance, met with counsel for the City in the courtroom and stated that Mr. Keyes was out of the state on business and would not be returning to Seattle until May of 1981. Defense counsel then requested that a trial date be set for May of 1981. The City advised defense counsel that it would oppose a May, 1981 trial date on the grounds that a six month delay of Mr. Keyes' de novo appeal would be prejudicial to the City's case. Defense counsel did not ask the City to renote the case for trial and the City did not offer to do so.

### Second Remand Motion Set for Hearing

On December 2, 1980 the City again determined that Mr. Keyes had not renoted his case for trial. A remand hearing was set for December 12, 1980, before the presiding judge of the King County Superior Court, the Honorable T. Patrick Corbett.

### Argument in Chambers

On the hearing date both parties made timely appearances and the arguments of counsel were heard in chambers.

When asked why Mr. Keyes had not renoted his case for trial, defense counsel responded that he had informed the City of his client's need for a May, 1981 trial date, that he had advised the City of his wish to have the cause renoted for trial, and that he believed it was the City's responsibility, under the circumstances, to do so.

The City argued that Mr. Keyes was responsible for prosecuting his own appeal, and explained its opposition to the May, 1981 trial date.

Second Remand Motion Granted

The court ruled that the duty to renote the case for trial was nondelegable, and ordered that Mr. Keyes' appeal be dismissed and that his case be remanded to the Seattle Municipal Court.

Former JCrR 6.01(e) provided: "Within 20 days after the transcript is filed, appellant shall note the case for trial and *otherwise diligently prosecute the appeal.*" (Italics ours.)

Former JCrR 6.02(a) provided:

All sentences shall be stayed if an appeal is taken and the defendant posts cash bail or his bond to the state which shall be deposited with the clerk of the court, in such reasonable sum with sureties as the lower court judge may require, upon the following conditions: that he *will diligently prosecute the appeal, . . .*

(Italics ours.)

The sole question is whether the Superior Court abused its discretion in dismissing the appeal for want of diligent prosecution.

The burden of complying with the rules is upon the appellant. *Port Angeles v. Dustin,* 73 Wn.2d 712, 440 P.2d 420 (1968). Appellant contends that the delay was due to excusable neglect. The only excuse appearing in the record is contained in defense counsel's affidavit:

That upon verifying with the calendar department on the availability of dates, it was ascertained that such dates would not suit the existing trial schedule of both the undersigned as well as the appearance of the defendant, who is a resident of another state.

And in appellant's brief that: "Mr. Keyes and his attorney then informed the City that the next available trial date for them would be in May of 1981."

The court did not abuse its discretion in dismissing the case because appellant had not "otherwise diligently prosecute[d] the appeal." *State v. Gregory,* 74 Wn.2d 696, 446 P.2d 191 (1968); *State v. Aven,* 27 Wn. App. 926, 622 P.2d 384 (1980).

944

The order of the trial court dismissing the appeal is affirmed.

JAMES and PETRICH, JJ., concur.

Reconsideration denied October 18, 1982.

Review denied by Supreme Court January 7, 1983.