[No. 27882-7-I.   Division One.   June 10, 1991.]

THE CITY OF SEATTLE, *Petitioner,* v. RODGER P. KNUTSON, *Respondent.*

---

*Mark H. Sidran, City Attorney,* and *Jeanne S. Innis, Assistant,* for petitioner.

*Anthony Savage,* for respondent.

PER CURIAM. — The City of Seattle seeks discretionary review of a RALJ decision affirming the district court dismissal of a DWI charge against Rodger P. Knutson. We grant review and vacate the order of dismissal.

Knutson appeared with counsel ready for trial in Seattle District Court pursuant to an interlocal agreement whereby the City (*i.e.,* the Municipal Court) would provide jurors, prosecutors and/or court clerks for proceedings in district court. The parties and court were prepared for trial, but the judge had been informed that a clerk would not be provided on that day because the clerks were in training.

The prosecutor asked the court to send the matter back to the presiding department to be assigned to a court with a clerk. The defense first moved for a continuance, then moved for dismissal. The judge granted the motion to dismiss. The prosecutor then stated, "I fail to see how this promotes justice in any way." The judge agreed that it did not promote justice, but appeared to justify the dismissal on the basis of inconvenience and delay caused by the City's failure to provide a clerk. This dismissal was affirmed on RALJ appeal.

■ ■ The City contends that dismissal here conflicts with *State v. Marks*, 114 Wn.2d 724, 790 P.2d 138 (1990) and *Seattle v. Orwick*, 113 Wn.2d 823, 784 P.2d 161 (1989), because there was no allegation or finding of prejudice to the defendant. The City asserts, and Knutson does not dispute, that the issue of dismissal is controlled by interpretation of CrRLJ 8.3(b), which provides:

> The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct, and shall set forth its reasons in a written order.

The standard of review is whether the trial court abused its discretion in ruling on the dismissal. *State v. Sherman*, 59 Wn. App. 763, 801 P.2d 274 (1990). Such abuse is determined only upon a clear showing that the decision is manifestly unreasonable or exercised on untenable grounds, or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Coggle v. Snow*, 56 Wn. App. 499, 504-07, 784 P.2d 554 (1990). However, case law severely restricts the discretion of the court to dismiss a case under this rule. *See* 4A L. Orland & K. Tegland, Wash. Prac. 875 (4th ed. 1990).

We agree with the City that dismissal is an extraordinary remedy that is warranted only if the defendant shows prejudice. *State v. Marks, supra* at 730; *Seattle v. Orwick, supra* at 830-31. Knutson does not address the prejudice argument, nor did the trial court make a finding of prejudice arising from the failure of the Municipal Court to supply a clerk. Knutson's only argument is that

the City's failure to supply a clerk constituted mismanagement warranting dismissal. He cites *State v. Sherman, supra*, and *State v. Sulgrove*, 19 Wn. App. 860, 578 P.2d 74 (1978).

We disagree with this interpretation of the rule. All the cases cited, including *Sherman* and *Sulgrove*, involve misconduct or mismanagement by the prosecution or police. Here, the failure seems to be merely an administrative failure by the Municipal Court, an omission which does not clearly constitute "governmental misconduct". However, to the extent that the City's failure falls within the proscribed conduct, Knutson has failed to demonstrate prejudice of his right to a fair trial. There is no evidence that continuing the case or returning to the presiding department for reassignment to a different court would have prejudiced his rights.

We hold that the District Court abused its discretion in dismissing the case; the court's reasons were untenable according to the standards of CrRLJ 8.3(b). We therefore grant discretionary review pursuant to RAP 2.3(d), reverse the decision on RALJ appeal and remand.