[No. 18146-1-II.   Division Two.   June 28, 1996.]

THE STATE OF WASHINGTON, *Petitioner*, v. TOMMY TOMAL, *Respondent.*

*John W. Ladenburg, Prosecuting Attorney, Mark Von Wahlde, Deputy,* and *Michael Sommerfeld, Deputy,* for petitioner.

*Timothy P. Coogan,* for respondent.

HOUGHTON, J. — The State appeals the superior court's denial of its motion to dismiss Tommy Tomal's appeal under RALJ 10.2(a) for want of prosecution on grounds that no good cause was shown for Tomal's delay in pursuing his appeal. Finding that no good cause was shown, we reverse and remand for dismissal of the appeal.

## FACTS

Tomal was tried for driving while intoxicated pursuant to RCW 46.61.502 on May 10, 1989. Tomal was found guilty and judgment was entered on June 20, 1989. Tomal received a 364-day suspended sentence, which was stayed pending appeal. Tomal filed a notice of appeal to the superior court on June 22, 1989.

Thereafter, nothing happened on the case until November 4, 1993, when the State filed a motion to dismiss. The motion was brought pursuant to RALJ 10.2 (a) for want of prosecution of the appeal. The State argued that Tomal was required to file a brief and transcript of the lower court proceedings within 45 days of filing a notice of appeal and that, because there had been no action of record for 90 days, Tomal's appeal should be deemed abandoned and dismissed. Tomal filed a brief on November 19, 1993, and the State withdrew its motion.

The State renewed its motion to dismiss on March 23, 1994. The State argued that under RALJ 7.2(a), Tomal's brief and transcript of proceedings were due on August 6,

1990, and that as of March 22, 1994, Tomal had not filed a transcript.[1]

A hearing on the motion to dismiss the RALJ appeal was held on April 15, 1994. An associate in defense counsel's office prepared an affidavit on April 14, 1994. The affiant stated that he obtained the trial tape recordings on April 14, 1994, and that his office did not have the proper equipment for transcription and he was unable to rent the necessary equipment. He further stated that he contacted the district court and learned that it would need one to two weeks to transcribe the tapes, and that "my hands are totally tied."

Another associate of defense counsel's law firm appeared at the hearing and presented the affidavit. The court inquired into whether any good cause was shown in the affidavit and asked why it had taken nearly five years to file the transcript, stating, "I have to know whose fault it is. Is this [counsel]'s fault or the client['s]?" Defense counsel replied that failure to file the transcript along with the brief was "an oversight" and that once they learned of it, they made every effort to obtain the transcript. The trial court replied, "[n]othing in here about good cause" and acknowledged that an attorney is the representative of the client, but then stated, "[d]oesn't look like the client contributed to this. It was pure attorney error." The trial court granted Tomal two weeks to obtain the transcripts and denied the State's motion to dismiss the appeal. We granted the State's motion for discretionary review.

## ANALYSIS

The State contends that the court erred in denying its motion to dismiss the appeal for want of prosecution. It asserts that Tomal abandoned his appeal because there

---

[1]Tomal filed his notice of appeal on June 22, 1989. His brief and transcripts were due on August 6, 1989, not 1990. RALJ 7.2(a).

had been no action of record for 124 days between the filing of his brief on November 19, 1993, and the State's motion to dismiss on March 23, 1994, and that there was no showing of good cause for the delay. The State further asserts that Tomal was on notice that he needed to provide a transcript, and that his failure to obtain the transcript was not inadvertence, but volitional conduct and a conscious disregard of the appellate rules.

■ A motion to dismiss an appeal for want of prosecution is reviewed under an abuse of discretion standard. *City of Seattle v. Keyes*, 32 Wn. App. 940, 943, 650 P.2d 1136 (1982), *review denied*, 98 Wn.2d 1014 (1983). Abuse of discretion occurs upon a clear showing that the court's decision is manifestly unreasonable or exercised on untenable grounds, or for untenable reasons. *City of Seattle v. Knutson*, 62 Wn. App. 31, 33, 813 P.2d 124 (1991).

RALJ 10.2(a) provides that:

> The superior court will, on motion of a party or on its own motion after 14 days' notice to the parties, dismiss an appeal of the case . . . for want of prosecution if the party appealing has abandoned the appeal. Unless good cause is shown, an appeal will be deemed abandoned if there has been no action of record for 90 days.

■ RALJ 6.3A(a) states that unless the superior court orders otherwise, the appellant shall provide a transcript of proceedings, to be filed and served with the appellant's brief. The appellant's brief must be served and filed with the superior court within 45 days after filing a notice of appeal. RALJ 7.2(a). The appellant bears the burden of complying with the rules. *Keyes*, 32 Wn. App. at 943.

In this case, no action of record occurred between the time Tomal filed his notice of appeal on June 22, 1989, and the State's first motion to dismiss for want of prosecution on November 4, 1993. Tomal then filed a brief on November 19, 1993, but failed to file a transcript, even though he had notice of the State's motion. Tomal did nothing further from November 19, 1993, until the State

filed its second motion to dismiss on March 23, 1994. Tomal then waited until April 14, 1994, the day before the hearing on the motion to dismiss, to obtain the tapes and attempt to transcribe them.

The issue is whether Tomal showed good cause for why his appeal should not be deemed abandoned under RALJ 10.2(a), when he failed to provide the transcripts or take other action of record for over 90 days.

The facts here are distinguishable and far more egregious than those in *City of Goldendale v. Graves*, 88 Wn.2d 417, 562 P.2d 1272 (1977), and *State v. Aven*, 27 Wn. App. 926, 622 P.2d 384 (1980). Both cases concerned the application of the former JCrR rules and issues of whether the parties' conduct constituted excusable neglect, excusing the failure to comply with the rules.

Graves involved former JCrR 6.01, JCrR 6.03, and JCrR 10.01, and addressed the issue of whether a defendant's failure to note a case for trial after filing a notice for appeal, required dismissal of the appeal for noncompliance. The defendant filed a timely notice of appeal and the district court forwarded a transcript to the superior court for filing. The defendant was required to note the case for trial within 20 days after the transcript was filed. The district court notified the defendant's attorney by letter dated May 17, that the transcript had been sent, but the attorney's clerk filed the letter without bringing it to the attorney's attention. On June 7, the attorney inquired into whether the transcript had been filed and noted the case for trial. Meanwhile, the superior court clerk moved to dismiss for want of prosecution. Our supreme court held that the attorney made every effort to pursue the appeal in a timely fashion, that his failure to comply with the rules was inadvertent and unintentional, falling within the " 'excusable neglect' " provision of the rules, and that the short five-day delay caused no prejudice. *Graves*, 88 Wn.2d at 423-24.

██ Neither the State nor Tomal cites any cases defining "good cause" for purposes of determining whether an

appeal has been abandoned. However, our supreme court's discussion in *State v. Dearbone*, 125 Wn.2d 173, 883 P.2d 303 (1994), of "good cause" in other contexts, is instructive here. For purposes of habeas corpus and personal restraint petitions, the court will not excuse a petitioner's failure to comply with a procedural deadline unless the petitioner can show an external cause for the default, such as some objective factor, not fairly attributable to him, that impeded his efforts to comply with the procedural rule. *Dearbone*, 125 Wn.2d at 179 (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). An attorney's inadvertence alone will not establish good cause. *Dearbone*, 125 Wn.2d at 180. In addition, counsel's failure to find relevant cases and ignorance of the rules will not constitute good cause for purposes of seeking review of a second personal restraint petition. *Dearbone*, 125 Wn.2d at 180 (citing *In re Holmes*, 121 Wn.2d 327, 849 P.2d 1221 (1993)).

Thus, some external impediment, something other than self-created hardship, that prevents a party from complying with the rules or statutory requirements, must be shown to establish "good cause." Applying these standards to this case, the attorney's "oversight" fails to demonstrate good cause for not deeming Tomal's appeal abandoned. The attorney, in his affidavit, cited no external factors to excuse his delay in filing the transcript. He merely stated that he could not obtain the transcripts because he could not find the proper equipment to transcribe them, and that the district court needed a week or two to do it. Even if he had to resort to relying on the district court's services, the attorney most likely could have obtained the transcripts had he not waited until the day before the hearing to obtain the tapes. Furthermore, this does not justify the nearly five months of inaction prior to his affidavit.

Additionally, the April 14 affidavit does not show "excusable neglect." Tomal made no effort to comply with the rules in a timely manner and only reacted when the State filed its motions to dismiss the appeal.

In sum, the superior court abused its discretion by denying the State's motion to dismiss. We reverse and remand for dismissal of the appeal.

SEINFELD, C.J., and MORGAN, J., concur.

Review granted at 131 Wn.2d 1004 (1997).