948 P.2d 833 (1997)
133 Wash.2d 985
STATE of Washington, Respondent,
v.
Tommy TOMAL, Petitioner.
No. 64420-9.
Supreme Court of Washington, En Banc.
Argued May 20, 1997.
Decided December 24, 1997.
*834 Timothy Coogan, Tacoma, for Petitioner.
John Ladenburg, Pierce County Prosecutor, Donna Masumoato, Deputy County Prosecutor, Tacoma, for Respondent.
GUY, Justice.
The question before us is whether a criminal defendant's appeal may be dismissed without a showing that the defendant has waived his right to appeal based on the defense attorney's failure to timely pursue the appeal. We hold the State has the burden of demonstrating that the Defendant waived his or her right to appeal in order to dismiss a direct appeal. Accordingly, we reverse the Court of Appeals and remand to the superior court to determine whether the Defendant knowingly, voluntarily and intentionally abandoned his right to appeal.

FACTS
On June 20, 1989, Tommy Tomal was found guilty in district court of driving while intoxicated (DWI), sentenced to 365 days in jail, with all but one day suspended, and ordered to pay a fine. Tomal's attorney sought and was granted a stay of the sentence pending the outcome of an appeal. On June 22, 1989, Tomal's attorney filed the notice of appeal in the superior court but then took no further action for more than four years.
On November 4, 1993, the State moved to dismiss the appeal for want of prosecution. Tomal's attorney then filed a brief on November 19, 1993, arguing that Tomal had been denied access to an attorney on the night of his arrest. The State, in response, withdrew its motion to dismiss the appeal.
On March 23, 1994, the State filed another motion to dismiss the appeal on the basis that Tomal's attorney still had not filed the transcript of proceedings as required by RALJ 6.3A(a) and 7.2(a). At the hearing on the motion to dismiss, an attorney from Tomal's attorney's office appeared and stated that another attorney in the office had acquired the tapes from the district court only the day before the hearing, lacked the means to transcribe them, and that it would take the district court one to two weeks to transcribe the tapes. Defense counsel told the judge that it was an "oversight" that the transcript had not been filed, offered no explanation why the defense had not acquired the tapes earlier than the day before the hearing, and did not offer any reason for the long delay.
The superior court judge found that Tomal had not contributed to the delay and that the delay was the result of attorney error. The superior court judge therefore denied the State's motion to dismiss the RALJ appeal and allowed the defense two weeks to file the transcripts.
The State sought review from the Court of Appeals, arguing there was tension between the finality considerations implicated by RALJ 10.2(a) and the constitutional requirement that a criminal defendant's waiver of a constitutional right must be knowing, voluntary and intelligent. The Court of Appeals *835 reversed the trial court's decision and dismissed the appeal. State v. Tomal, 82 Wash.App. 415, 918 P.2d 180 (1996). We granted Tomal's petition for review.

ISSUE
When a defense attorney has failed to pursue the appeal of a defendant's criminal conviction in a timely manner without showing good cause for the delay, can the defendant's appeal be dismissed as abandoned without a showing that the defendant made a waiver of his right to appeal?

ANALYSIS
Under article 1, section 22[1] of the Washington Constitution, a person who has been convicted of a crime has the right to appeal. The appeal from a criminal conviction in district court is conducted under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). See State v. Robinson, 58 Wash.App. 599, 602, 794 P.2d 1293 (1990); RCW 3.02.020.
The Court of Appeals in this case dismissed Tomal's appeal based on RALJ 10.2. RALJ 10.2(a)(2) provides that the superior court will dismiss an appeal of a case
for want of prosecution if the party appealing has abandoned the appeal. Unless good cause is shown, an appeal will be deemed abandoned if there has been no action of record for 90 days.
The Court of Appeals construed the term "good cause," in accord with decisions from this Court, to require a showing of some external impediment that did not result from self-created hardship. The court then concluded that Tomal's "attorney's oversight" failed to demonstrate good cause for not deeming Tomal's appeal abandoned. Tomal, 82 Wash.App. at 421, 918 P.2d 180. This Court's decisions, relied on by the Court of Appeals for the definition of good cause, did not involve facts where the defendants' rights to appeal were involved. While the definition of good cause is correct, the opinion does not address the issue of the Defendant's waiver of his constitutional right to appeal.
In a criminal appeal of right, knowing waiver by the defendant is required to dismiss an appeal. We agree with the State that there is some tension between RALJ 10.2 and the requirement of a knowing waiver. The rule appears to create a presumption that no action taken on an appeal for 90 days will constitute an abandonment of the appeal. However, there can be no presumption in favor of the waiver of the right to appeal in a criminal case. Rather, the State carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right to appeal. State v. Sweet, 90 Wash.2d 282, 286, 581 P.2d 579 (1978). Subsequent cases have adhered to the Sweet requirement. State v. Ashbaugh, 90 Wash.2d 432, 439, 583 P.2d 1206 (1978); State v. Adams, 91 Wash.2d 86, 93, 586 P.2d 1168 (1978); State v. Smissaert, 103 Wash.2d 636, 643, 694 P.2d 654 (1985); State v. Perkins, 108 Wash.2d 212, 215, 737 P.2d 250 (1987). See also 4A LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE § 7752 (4th ed.1990); 3 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE 548 (4th ed.1991).
The State attempts to distinguish these cases by arguing that it is not asserting "waiver" but only "abandonment" of the appeal. However, in Ashbaugh we explained that any waiver of the right to appeal via the alleged abandonment of an appeal must be knowing, intelligent and voluntary. Ashbaugh, 90 Wash.2d at 439, 583 P.2d 1206.
Under certain circumstances, inaction on the part of a defendant may be used by the State to prove the defendant waived the right to appeal. However, more than simply an attorney's inaction is required. In Sweet, 90 Wash.2d at 287, 581 P.2d 579, we explained that a conscious, intelligent, and willing failure to pursue an appeal could be shown to constitute waiver. There is certainly nothing unconstitutional about a person waiving his or her right to appeal a conviction. Perkins, 108 Wash.2d at 215-17, 737 P.2d 250. However, the decision to waive *836 that right must be made knowingly by the person convicted and not result from the negligence of his or her attorney. If the rules are violated by the defendant's attorney, the remedy lies in sanctioning the lawyer, not in dismissing the defendant's appeal. The superior court judge in this case found that the delay was "pure attorney error." Report of Proceedings at 5. In a case where the judge informs the defendant at the time of sentencing of the right to appeal and the timing requirements, then the defendant's failure to timely pursue an appeal may be found to be a valid waiver. See CrRLJ 7.2(b); former RALJ 2.7; Perkins, 108 Wash.2d at 216-17, 737 P.2d 250. This did not occur in this case.
The superior court concluded that the client had not contributed to the delay and that it was "pure attorney error." The State argued that the attorney was the representative of the client. Although in many settings a defendant may be bound by the acts of his attorney, the Supreme Court has held that it violates due process to dismiss a criminal defendant's appeal based on a violation of the rules of appellate procedure by the defendant's lawyer. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The Court in Evitts held that in a first appeal as of right, the appellate-level right to counsel also includes the right to effective assistance of counsel.[2] The Court explained that a state may not extinguish a right to appeal because another right of the appellantthe right to effective assistance of counselhas been violated. Evitts, 469 U.S. at 400, 105 S.Ct. at 838. In answer to the concern that counsel may disobey procedural rules governing appeals if state courts are precluded from enforcing them by dismissing the appeal, the Supreme Court has responded that a state may enforce a vital procedural rule by imposing sanctions against the attorney rather than against the client. Evitts, 469 U.S. at 399, 105 S.Ct. at 837.
The State also argues that Tomal's appeal of his DWI conviction is without merit and that the defense used the rules to delay imposition of the sentence which had been stayed pending appeal. The merit of the appeal is not before us, and any conduct by defense counsel can be addressed by the superior court on remand.

CONCLUSION
We reverse the Court of Appeals and remand to the superior court to determine if the Defendant made a knowing, voluntary, and intentional abandonment of his right to appeal. If no such finding can be made, then Mr. Tomal's appeal should proceed. On remand, the superior court has the power under RALJ 10.1 to sanction an attorney for failure to comply with the rules or when the rules are used for the purpose of delay.
MADSEN, DOLLIVER and SMITH, JJ., concur.
TALMADGE, Justice (concurring).
While I agree with the majority we must reverse the Court of Appeals and remand the case to the superior court to determine if Tomal made a knowing, voluntary, and intentional waiver of his right to appeal, I write separately to express my frustration with the conduct evidenced in this case. We should no more condone dilatory tactics of counsel in the criminal context than we do in the civil context.
Tomal was first arrested for driving under the influence (DUI) on February 5, 1989. The State trooper who arrested Tomal informed him of his right to an attorney on at least seven occasions. After the blood alcohol test was administered, Tomal again asked the trooper if he should get an attorney and the trooper curtly advised him of the right to an attorney. Tomal was ultimately convicted of DUI and sentenced on June 20, 1989 in the Pierce County District Court. A notice *837 of appeal was filed on June 22, 1989 by Tomal's counsel, but a copy of the notice of appeal was apparently not sent to the Office of the Pierce County Prosecuting Attorney. Ultimately, the State brought a motion to dismiss the appeal in the Pierce County Superior Court for want of prosecution in November 1993, more than four years after the filing of the notice of appeal No steps were taken by any party to perfect this appeal.[1] Finally, defense counsel filed a brief on November 19, 1993. Counsel took no further steps to perfect the appeal at that point, however. On March 23, 1994, the State renewed its motion to dismiss when defense counsel failed to file a transcript. Defense counsel sought additional time to file the report of proceedings, which was granted by the superior court. Although the Court of Appeals reversed the denial of dismissal on the basis of RALJ 10.2(a), the superior court denied the State's motion to dismiss, finding defense counsel had abandoned Tomal's appeal.
While there is some suggestion in the record that the failure to perfect appeals from decisions of the district court is a trial tactic used by counsel, I am hard pressed to see how we or the lower courts should tolerate such behavior. See State v. Ashbaugh, 90 Wash.2d 432, 439, 583 P.2d 1206 (1978) (noting while we are hesitant to punish litigants for neglect of their counsel, we do not condone willful and unexcusable failure to comply with applicable appellate rules). I am frustrated by tactics delaying resolution of cases on the merits. We do not condone such trial tactics of delay in Pierce County, or anywhere else in our state. I urge the trial court to consider if the delay in perfection of the appeal to the superior court in this case was, in fact, a trial tactic, and to accept the majority's invitation to impose sanctions, if necessary. Majority op. at 836.
ALEXANDER, Justice (concurring in part, dissenting in part).
I agree with the majority that the Court of Appeals decision must be reversed. I disagree, however, with its conclusion that we should remand to the trial court for it to determine if Tomal made a knowing, voluntary, and intentional abandonment of his right to appeal. As the majority correctly points out, the decision to waive the right to appeal must be made knowingly and cannot result from the negligence of the defendant's attorney. Majority op. at 835. Because the superior court judge has already found that Tomal did not contribute to the delay in filing notice of appeal and that the delay was a result of pure "attorney error," no purpose will be served by remand.
DURHAM, C.J., and JOHNSON and SANDERS, JJ., concur.
NOTES
[1] Article 1, section 22 (amend. 10) states in relevant part that "[i]n criminal prosecutions the accused shall have ... the right to appeal in all cases."
[2] Usually under the Strickland test, ineffective assistance of counsel is only found when counsel's performance is both deficient and prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. King, 130 Wash.2d 517, 531, 925 P.2d 606 (1996). However, no showing of prejudice is required when the defendant has lost the right to appeal through an attorney's neglect. E.g., People v. Moore, 133 Ill.2d 331, 140 Ill.Dec. 385, 549 N.E.2d 1257 (1990), cert. denied, 510 U.S. 1118, 114 S.Ct. 1068, 127 L.Ed.2d 387 (1994).
[1] While defense counsel apparently delayed perfecting the appeal, the State is not blameless. The State has a responsibility to keep track of judgments and sentences, and make certain that sentences are served.