14 P.3d 190 (2000)
103 Wash.App. 759
STATE of Washington, Respondent,
v.
Jose J. PINEDA-GUZMAN, Appellant.
No. 18749-7-III.
Court of Appeals of Washington, Division 3, Panel Six.
December 19, 2000.
Jerry M. Makus, Makus & Makus, Walla Walla, for Appellant.
Gabriel E. Acosta, Deputy Prosecuting Attorney, Walla Walla, for Respondent.
SWEENEY, J.
RCW 9.94A.280 permits a sentencing judge to conditionally release a defendant to be deported in lieu of confinement. The judge here refused to conditionally release Jose Pineda-Guzman. The question is *191 whether the sentencing judge abused his discretion by refusing the conditional release for deportation. The court's reasons amply support its decision. We, therefore, affirm the sentence.
The court's decision to conditionally release a defendant for deportation requires the prosecutor's concurrence. We need not decide whether that provision renders the statute unconstitutional because the trial judge here would have refused the request regardless.

FACTS
The State charged Jose Pineda-Guzman with two counts of delivery of cocaine and one count of delivery of methamphetamine in July 1999. It then amended the charges to one count of delivery of cocaine and one count of possession of cocaine. Mr. Pineda-Guzman pleaded guilty to the amended charges. He had a prior conviction for possession of cocaine in April 1999.
Mr. Pineda-Guzman asked to be conditionally released pending deportation pursuant to RCW 9.94A.280. The prosecutor refused to support the application. The prosecutor compared Mr. Pineda-Guzman's case to others when deportation had been recommended. Deportation had been a factor in the other plea agreements and Mr. Pineda-Guzman had a prior conviction.
The court declined his request for a conditional release for deportation. It based its decision on (1) Mr. Pineda-Guzman's recent prior conviction, and (2) its belief that deporting Mr. Pineda-Guzman would place him in a better position than a similarly situated American citizen. The court then sentenced Mr. Pineda-Guzman to 36 months on the count of delivery and 6 months on the count of possession, to be served concurrently.

ANALYSIS
Did the court abuse its discretion by not applying RCW 9.94A.280?
"An appellate court will reverse a sentencing court's decision only if it finds a clear abuse of discretion or misapplication of the law." State v. Porter, 133 Wash.2d 177, 181, 942 P.2d 974 (1997).
Here, Mr. Pineda-Guzman asserts the court abused its discretion by refusing to apply RCW 9.94A.280. The relevant portion of the statute states:
(1) Subject to the limitations of this section, any alien offender committed to the custody of the department under the sentencing reform act of 1981, chapter 9.94A RCW, who has been found by the United States attorney general to be subject to a final order of deportation or exclusion, may be placed on conditional release status and released to the immigration and naturalization service for deportation at any time prior to the expiration of the offender's term of confinement....
(2) No offender may be released under this section unless the secretary [of the department of corrections[[1]] or the secretary's designee find [finds] that such release is in the best interests of the state of Washington. Further, releases under this section may occur only with the approval of the sentencing court and the prosecuting attorney of the county of conviction.
RCW 9.94A.280(1), (2) (emphasis added). There are no reported cases interpreting RCW 9.94A.280.
The meaning of a statute is a question of law; we therefore review de novo. W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wash.2d 599, 607, 998 P.2d 884 (2000). We start with the plain language of the statute. Lacey Nursing Ctr., Inc. v. Dep't of Revenue, 128 Wash.2d 40, 53, 905 P.2d 338 (1995).
RCW 9.94A.280 is not ambiguous. The statute says an alien "may" be conditionally released for deportation. RCW 9.94A.280(1). It does not require illegal aliens to be released. An alien's conditional release shall continue until the expiration of the sentence. RCW 9.94A.280(1). We presume the different words have different meanings because *192 the statute uses both the word "may" and the word "shall." It is well established that when different words are used in the same statute, it is presumed they mean different things. Simpson Inv. Co. v. Dep't of Revenue, 141 Wash.2d 139, 160, 3 P.3d 741 (2000) (quoting State ex rel. Pub. Disclosure Comm'n v. Rains, 87 Wash.2d 626, 634, 555 P.2d 1368, 94 A .L.R.3d 933 (1976)).
The word "may" usually implies "permissive, optional, or discretional, and not mandatory action or conduct." BLACK'S LAW DICTIONARY 979 (6th ed.1990). In contrast, the word "shall" is "generally imperative or mandatory." Id. at 1375. These definitions logically apply to RCW 9.94A.280. An alien may be conditionally released pending deportation. If so, release shall continue for a specified time, and sentences shall run concurrently.
A trial judge's discretionary decisions must be based on tenable grounds or reasons. City of Seattle v. Knutson, 62 Wash. App. 31, 33, 813 P.2d 124 (1991). The court gave two reasons for its decision not to apply RCW 9.94A.280. First, the court was concerned with the short time between Mr. Pineda-Guzman's last conviction and his current offense. Second, the court determined that deporting Mr. Pineda-Guzman would put him in a better position than an American citizen who would do "standard time." The court's general dissatisfaction with the statutory scheme may not support its decision not to apply it. But certainly its concern over Mr. Pineda-Guzman's recidivism does.
Mr. Pineda-Guzman also argues that the statute is unconstitutional because it requires the prosecutor to consent to the deportation. And the discretion of the court to order deportation should not be limited by the State. But we need not reach this constitutional question because the prosecutor's decision did not trump the court's. Tropiano v. City of Tacoma, 105 Wash.2d 873, 877, 718 P.2d 801 (1986).
The sentencing court did not base its decision on the prosecutor's recommendation. It denied Mr. Pineda-Guzman's request for its own independent reasons. Moreover, there is no showing in this record that Mr. Pineda-Guzman is subject to a final order of deportation or has obtained the secretary of the department of correction's consent. RCW 9.94A.280(1), (2).
The sentence is affirmed.
KURTZ, C.J., and SCHULTHEIS, J., concur.
NOTES
[1] "Secretary" is not defined in chapter 9.94A RCW. However, the statute only applies to offenders in the custody of the department, and department refers to the department of corrections. Former RCW 9.94A.030(15) (1998).