**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| CITY OF LAKEWOOD, | No. 46354-7-II |
| Respondent, | |
| v. | |
| NATHAN M. SAVAGE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Nathan Savage appeals the superior court's dismissal of his appeal from a municipal court conviction of obstructing a law enforcement officer. Savage argues that the superior court erred because it failed to determine that he knowingly, voluntarily, and intentionally waived his right to appeal. The city of Lakewood concedes that the superior court erred.

We accept the city's concession and hold that the superior court erred when it dismissed Savage's appeal without determining that Savage knowingly, voluntarily, and intentionally waived his right to appeal. Accordingly, we reverse the superior court's ruling and remand to determine whether Savage made a knowing, voluntary, and intentional waiver of his right to appeal.

FACTS

Nathan Savage was convicted in the Lakewood Municipal Court of obstructing a law enforcement officer, RCW 9A.76.020(1), and was sentenced on August 23, 2013. Savage timely filed a notice of appeal to Pierce County Superior Court on September 11, 2013. During a mandatory court review of Savage's appeal on February 28, 2014, the superior court issued a Rules for Appeal of Decision of Courts of Lower Jurisdiction

(RALJ) schedule that ordered Savage to serve his appeal brief on the city by April 1, 2014. Neither Savage nor his attorney attended the February 28 RALJ mandatory hearing. On March 28, Savage's lawyer filed a notice of intent to withdraw to be effective April 10.

Savage failed to file his appeal brief by the April 1 deadline. On April 4, the city moved the superior court to dismiss Savage's appeal for failure to comply with RALJ 7.2 and 10.2. On April 8, Savage moved the court to extend time so that he could file his transcripts and appeal brief. Savage appeared pro se in superior court on May 2 and asserted that he had been exploring how to obtain a public defender. Savage also provided the court with a letter that he had submitted to Lakewood Municipal Court requesting that assigned counsel represent him during his appeal.

The court noted that Savage's attorney had withdrawn in a timely manner, that the time to respond was laid out in the court's February order, and that Savage failed to comply with the RALJ scheduling order entered February 28 because he did not file his appeal brief by April 1. The superior court did not find that Savage knowingly, voluntarily, and intentionally waived his right to appeal. Nonetheless, the court denied Savage's RALJ appeal to extend time and dismissed the case without prejudice. Savage then moved for discretionary review, which this court granted under RALJ 2.1.

ANALYSIS

STANDARD OF REVIEW

Savage argues and the city concedes that the appropriate remedy in this case is a remand to the superior court to determine whether Savage knowingly, voluntarily, and intentionally waived his right to appeal. We accept the city's concession.

Criminal conviction appeals from district court decisions are governed by RALJ 1.1. The "right to appeal in all cases" is expressly guaranteed by the Washington State Constitution. WASH. CONST. art. I, § 22. An individual may relinquish his right to appeal a conviction only by a voluntary, knowing, and intelligent waiver. *See State v. Tomal*, 133 Wn.2d 985, 988, 948 P.2d 833 (1997). There can be no presumption of the waiver of the right to appeal in a criminal case. *Tomal*, 133 Wn.2d at 989. The city carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver. *Tomal*, 133 Wn.2d at 989. The right must be made knowingly by the person convicted and not result from the negligence of his attorney. *Tomal*, 133 Wn.2d at 990.

RALJ 10.2(a)(2) provides that the superior court will dismiss an appeal of a case for want of prosecution if the party appealing has abandoned his or her right to appeal. *Tomal*, 133 Wn.2d at 989. Unless the appellant shows good cause, an appeal will be deemed abandoned if there has been no action of record for 90 days. *Tomal*, 133 Wn.2d at 989. Where the delay has been caused by the defense attorney, the trial court may impose sanctions against the attorney rather than the defendant. *Tomal*, 133 Wn.2d at 991.

Here, the record shows that Savage's attorney filed a notice of appeal to Pierce County Superior Court on September 11, 2013. The attorney then failed to appear at a mandatory RALJ hearing. The attorney then failed to file transcripts or a brief by the April 1, 2014 deadline, despite his April 10 withdrawal date. Savage further provided testimony and evidence that he had been exploring how to obtain a public defender to

3

represent him in his appeal. Significantly, the superior court did not find that Savage knowingly, voluntarily, and intentionally abandoned his right to appeal.

CONCLUSION

We accept the city's concession and hold that the superior court erred by dismissing Savage's appeal without finding that Savage knowingly, voluntarily, and intentionally waived his right to appeal. Because the city concedes that the presumptive remedy under *Tomal* is not dismissal, we reverse the superior court's decision. Unless the court finds that Savage waived his right to appeal, his appeal should proceed.

Accordingly, we reverse the superior court's ruling and remand to determine whether Savage made a knowing, voluntary, and intentional waiver of his right to appeal.

A majority of this panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Melnick, J.

4