# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49149-4-II |
| Respondent, | |
| v. | |
| CORY DANIEL REED, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Cory Daniel Reed appeals his first degree robbery conviction and his deadly weapon sentence enhancement. He contends that the evidence presented at trial was insufficient to prove that he was armed with a deadly weapon to support the sentence enhancement. Reed further contends the State failed to provide proof of his prior convictions for sentencing purposes. In his statement of additional grounds for review (SAG), Reed alleges ineffective assistance of counsel, violation of his public trial right, and prosecutorial misconduct. Because Reed waived his right to appeal, we dismiss this appeal and all challenges raised in the SAG.

## FACTS

While David Bonilla was walking home from work, he observed Reed coming towards him from across the street. Bonilla and Reed were acquaintances with mutual friends. Bonilla observed that Reed was walking very fast with a bat in his right hand. As Reed approached Bonilla, he asked Bonilla if he had any money. When Bonilla told him he had no money, Reed responded, "[W]ell, let me find out." 1 Report of Proceedings (RP) at 136. Reed then put his left hand in Bonilla's pocket while holding the bat with his right hand. Bonilla asked Reed what he was doing

and Reed said, "This is a robbery in progress." 1 RP at 138. Reed took two Elvis Presley memorabilia coins from Bonilla's pocket. Bonilla then ran to a nearby house and called the police.

The State charged Reed with one count of first degree robbery with a deadly weapon sentencing enhancement, alleging that Reed "was armed with a deadly weapon other than a firearm." Clerk's Papers (CP) at 54.

The jury found Reed guilty of first degree robbery. The jury also found that Reed was armed with a deadly weapon at the time of the crime

Reed had two other pending cases at the time of his robbery conviction: Cause no. 15-1-01436-3 (possession of a stolen vehicle and first degree trafficking in stolen property) and cause no. 16-1-00372-6 (possession of a controlled substance, methamphetamine). Prior to sentencing on the first degree robbery conviction, the State made a combined plea offer to resolve Reed's two pending cases and the first degree robbery conviction. In the combined plea offer, Reed agreed to plead guilty to his other two pending cases in exchange for the State agreeing to recommend not increasing Reed's offender score and asking for a low end sentence of 81 months for the first degree robbery conviction. The State's combined plea offer stated:

> [Reed] *agrees that the Prosecutor's Statement of the Defendant's Criminal History is accurate and that all out-of-state convictions used to calculate the offender score are the equivalent of Washington felonies. . . .*
> [Reed] agrees that his/her offender score is 5 FOR CASE 16-1-00244-4 [first degree robbery case] and standard range is I: 57-75 MONTHS FOR CASE 16-1-00244-4 [first degree robbery case], FOR ALL OTHER CHARGES 0-364 DAYS.

CP at 77. Reed accepted the State's plea offer by signing the combined plea offer. Reed also signed a waiver of the right to appeal his first degree robbery with a deadly weapon enhancement

conviction because he was receiving a favorable sentencing recommendation in not only the first degree robbery case, but also in his other two pending cases. The trial court reviewed the consequences of Reed's waiver on the record, and Reed stated that he understood and that the waiver was in his own best interest.

At sentencing, defense counsel told the sentencing court, "I'd ask the court to follow the recommendation." 2 RP at 345. The sentencing court calculated Reed's offender score as 5 based on the State's statement of criminal history. The statement listed four prior convictions. The sentencing court imposed a 57-month standard range sentence and 24-months for the deadly weapon enhancement, for a total of 81 months. The sentencing court ran Reed's first degree robbery sentence concurrently with the sentences on cause no. 15-1-01436-3 and cause no. 16-1-00372-6. Although Reed waived his right to appeal, he nevertheless appeals.

## ANALYSIS

WAIVER OF RIGHT TO APPEAL

Given the record, we address whether Reed waived his right to appeal. We hold that Reed's signed waiver relinquished his right to appeal his first degree robbery conviction and sentence.

"The Washington State Constitution guarantees a criminal defendant the right to appeal." *State v. Chetty*, 167 Wn. App. 432, 438, 272 P.3d 918 (2012) (citing WASH CONST. art. I, § 22 amend. 10). A defendant, however, may relinquish his or her right to appeal. *State v. Tomal*, 133 Wn.2d 985, 989, 948 P.2d 833 (1997). Waiver of the right to appeal must be made voluntarily, knowingly, and intelligently. *Id.*

Reed does not address his signed waiver. Moreover, he makes no argument that the waiver is invalid. Because the right to appeal may be waived, Reed signed a waiver, and Reed provides

No. 49149-4-II

no argument why we should not adhere to the waiver, we hold that this matter is not appealable.

Accordingly, we dismiss Reed's appeal and the challenges raised in his SAG.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, P.J.

Melnick, J.

4