[No. 29131-9-I.   Division One.   December 7, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
DENNIS, *Petitioner.*

*Jon Komorowski, Public Defender,* for petitioner.

*David S. McEachran, Prosecuting Attorney,* and *Daniel L. Gibson, Deputy,* for respondent.

SCHOLFIELD, J. — William Dennis appeals the Superior Court's reinstatement of assault charges after charges were dismissed 4 months earlier by the same court for lack of subject matter jurisdiction. We reverse.

On December 18, 1990, Dennis, a member of the Nootka Tribe of British Columbia, was charged in Whatcom County Superior Court with stabbing his wife, Janice Dennis, on December 14, 1990. Janice Dennis is a member of the Lummi

Indian Tribe, and resides within the Lummi Indian Reservation.

Dennis moved to dismiss the state court action, arguing that his status as an Indian under the major crimes act, 18 U.S.C. § 1153, precluded the state court from exercising jurisdiction. On March 22, 1991, the Superior Court dismissed for lack of subject matter jurisdiction. The State did not appeal the dismissal, and the time within which to file an appeal elapsed.

Dennis was then indicted in federal court. Judge Dwyer dismissed federal charges for lack of jurisdiction, finding that Dennis was not an "Indian" within the meaning of the major crimes act because he was a member of a tribe in Canada. It is apparent that Dennis took conflicting positions as to jurisdiction in the state and federal courts.

On July 1, 1991, the State returned to superior court to ask for relief from the March 22 order dismissing charges. The court granted the motion based on CrR 7.8(b), reinstating the prosecution. Commissioner Ellis of the Washington State Court of Appeals, Division One, granted Dennis' motion for discretionary review on November 26, 1991.

On appeal, Dennis contends that the State's decision not to appeal the Superior Court's dismissal for lack of subject matter jurisdiction precludes it from raising the issue under CrR 7.8(b)(5). The State argues that the criminal rules should be construed reasonably so that no criminal act occurs without a court taking jurisdiction for purposes of prosecution.

In July 1991, CrR 7.8(b) read in pertinent part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6;
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or
(5) Any other reason justifying relief from the operation of the judgment.

When the rule was adopted in 1986, the purpose of the rule was stated in a committee comment. The comment makes it clear that CrR 7.8(b)(5) is the functional equivalent of CR 60(b)(11). 4A L. Orland & K. Tegland, Wash. Prac., Rule 7.8, Committee Comment, at 340-41 (4th ed. 1990).

■ The State based its motion for relief from dismissal on CrR 7.8(b)(5), which specifies any *other* reason justifying relief. "In context CrR 7.8(b)(5) plainly means any reason other than those set forth in the four prior subsections," including mistakes dealt with in subsection (b)(1). *State v. Brand*, 65 Wn. App. 166, 169, 828 P.2d 1, *aff'd*, 120 Wn.2d 365, 842 P.2d 470 (1992). The use of CR 60(b)(11) " 'should be confined to situations involving extraordinary circumstances not covered by any other section of the rule.' " *In re Marriage of Flannagan*, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985) (quoting *State v. Keller*, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)), *review denied*, 105 Wn.2d 1005 (1986). *See also In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (CR 60(b)(11) is reserved for extraordinary circumstances not covered in other sections).

■ The State does not allege that Dennis ever fraudulently misrepresented his Indian status, and in fact conceded at oral argument that Dennis' status as an Indian from Canada was made clear to the trial court. A review of the record confirms this. After considering the complex federal law concerning federal jurisdiction over Indians, the trial court came to the mistaken conclusion that jurisdiction was in federal court. The mistake may have been a reasonable one but nevertheless, it was a mistake of law. Upon returning to superior court the State did not allege a mistake, however, because mistakes of law may not be corrected by a motion governing relief from judgment, and must be raised on appeal. *Burlingame v. Consolidated Mines & Smelting Co.*, 106 Wn.2d 328, 336, 722 P.2d 67 (1986); *In re*

*Marriage of Tang*, 57 Wn. App. 648, 789 P.2d 118 (1990). Rather, the State relied on CrR 7.8(b)(5). However, this so-called "catchall" section does not authorize relief based on mistake because to do so would render subsection (b)(1) meaningless. *See Brand*, at 170, for similar reasoning as to newly discovered evidence.

In *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989), the court stated that final judgments in civil or criminal cases "may be vacated or altered only in those limited circumstances where the interests of justice most urgently require." This circumstance, where no court claims jurisdiction, the State argues, is one where the interest of justice strongly favors allowing the superior court to reassert its jurisdiction. The State cites *State v. Duncan*, 111 Wn.2d 859, 765 P.2d 1300 (1989). In *Duncan*, the court relied on CrR 7.8(b)(5) to authorize vacation of an earlier dismissal because the underlying judgment had been reversed. Neither *Shove* nor *Duncan*, however, concerned a mistake of law that could have been appealed but was not, as was the case here.

Reversed.

PEKELIS and KENNEDY, JJ., concur.