919 P.2d 66 (1996)
129 Wash.2d 529
In the Matter of the Personal Restraint Petition of Jon FLEMING, Petitioner.
In the Matter of the Personal Restraint Petition of Russell SMITH, Petitioner.
No. 63419-0.
Supreme Court of Washington, En Banc.
Argued February 1, 1996.
Decided July 18, 1996.
*67 Suzanne L. Elliott, Seattle, for Petitioner Fleming.
Patricia S. Novotny, Seattle, for Petitioner Smith.
Norm Maleng, King County Prosecutor, Ann M. Foerschler, Deputy, Seattle, David R. Needy, Skagit County Prosecutor, Mount Vernon, for respondent.
JOHNSON, Justice.
These consolidated petitions for review concern whether an untimely restitution order constitutes a "fundamental defect" justifying collateral review and dismissal of the restitution order. Because Washington law authorizes the imposition of restitution, we hold that an untimely restitution order, although a sentencing error, does not rise to the level of a fundamental defect. Accordingly, we dismiss the petitions.
Petitioner Russell Smith was charged with second degree assault of a child and third degree escape in King County on March 5, 1993. On April 12, 1993, he pleaded guilty to the assault charge. As part of the plea agreement, he agreed to pay full restitution to the victim, his infant son. The sentencing hearing took place on June 18, 1993, at which time the sentencing judge ordered restitution and set the restitution hearing for July 28, 1993. On July 28, the restitution hearing was continued to August 31, 1993, to allow Smith to obtain additional evidence. Neither party objected to the continuance. On August 31, the hearing was again continued, this time to September 27, 1993. On September 27, more than 100 days after the sentencing date, the matter was heard. The judge ordered Smith to pay restitution in the amount of $28,672.38. Smith appealed the *68 restitution order to the Court of Appeals, arguing the court abused its discretion in ordering restitution. He did not challenge the timeliness of the order. The Court of Appeals affirmed the restitution order in an unpublished per curiam opinion. State v. Smith, No. 33669-0-I (Oct. 24, 1994) (per curiam).
Petitioner Jon Fleming pleaded guilty to trafficking in stolen property in Skagit County. As part of the plea agreement, he agreed to pay an unspecified amount of restitution. On September 30, 1991, he was sentenced and ordered to pay restitution, the amount to be determined at a later date. A restitution hearing was scheduled for November 19, 1992, but rescheduled to December 3, 1992, to allow Fleming to attend. On December 3, 1992, more than one year after the sentencing date, the judge ordered restitution in the amount of $5,125. Fleming appealed the restitution order, arguing the trial judge erred in setting the amount and by considering an earlier uncharged crime. He did not challenge the timeliness of the restitution order. The Court of Appeals affirmed the restitution order in State v. Fleming, 75 Wash. App. 270, 877 P.2d 243 (1994), filed August 1, 1994.
Now, by way of personal restraint petitions, Fleming and Smith both contend for the first time that the restitution orders are void because they were entered more than 60 days after the sentencing hearing date.[1]
In Krall, which was decided after the trial courts ordered restitution in both cases, we held the 60-day time limit in former RCW 9.94A.142(1) is mandatory and reversed as untimely a restitution order entered 185 days after sentencing. State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994). In Krall, unlike this case, the defendant raised the timeliness issue at the time of the restitution hearing. In Moen, we reversed as untimely a restitution order challenged for the first time on appeal. State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996). We held that a sentencing error can be addressed for the first time on appeal under RAP 2.5 even if the error is not jurisdictional or constitutional. Moen, 129 Wash.2d at 543, 919 P.2d 69.
In order to obtain relief by way of personal restraint petition, however, a person must establish (1) he or she is being unlawfully restrained, (2) due to a "fundamental defect which inherently results in a complete miscarriage of justice." In re Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990). We place this additional burden on prisoners' access to collateral relief because such relief "`undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders.'" In re Cook, 114 Wash.2d at 809, 792 P.2d 506 (quoting In re Hews, 99 Wash.2d 80, 86, 660 P.2d 263 (1983)).
Fleming and Smith argue they have satisfied both of these requirements. First, they argue they are under unlawful restraint because, under Krall, an untimely restitution order violates former RCW 9.94A.142(1). Second, they argue, somewhat circularly, if we require them to pay restitution in spite of the fact the trial court ordered the amount more than 60 days after sentencing, then our decision will inherently result in a complete miscarriage of justice. We agree a restitution order may constitute restraint. We do not accept, however, Petitioners' argument that an untimely restitution order constitutes a fundamental defect resulting in a complete miscarriage of justice.
In its certification order, the Court of Appeals framed the timeliness issue in terms of subject matter jurisdiction. It is true a jurisdictional defect constitutes a fundamental defect for which relief can be granted by way of a personal restraint petition.[2] But, as we explained in Moen, "untimely *69 imposition of restitution as a condition of a sentence is not a jurisdictional defect." Moen, 129 Wash.2d at 545, 919 P.2d 69. Subject matter jurisdiction exists where "the court has the authority to adjudicate the type of controversy in the action" and subject matter jurisdiction continues to exist in the face of an erroneous interpretation of the law. Moen, 129 Wash.2d at 545, 919 P.2d 69 (citing Marley v. Department of Labor & Indus., 125 Wash.2d 533, 539, 886 P.2d 189 (1994)). As we explained in Moen, the court had jurisdiction to order restitution not withstanding the fact that the restitution order was untimely.
While the sentencing error in this case is not jurisdictional, we have held that imposition of a sentence not authorized by statute is a basis for granting collateral relief. See In re Moore, 116 Wash.2d 30, 33, 803 P.2d 300 (1991); In re Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980). In Moore, the trial court erroneously imposed the sentence of life without the possibility of parole after the defendant pleaded guilty. The sentencing court erred because state law permitted the sentence of life without the possibility of parole only following a jury trial. Because the defendant pleaded guilty, the sentencing court never had authority to impose life without the possibility of parole. In Carle, the sentencing court gave Carle an enhanced sentence not authorized for his first degree robbery convictions. These cases do not provide a basis for relief in this case because the petitioners in those cases could never have been legally sentenced as they were. In this case, on the other hand, the sentencing court had the authority to order restitution under RCW 9.94A.140, but did so in an untimely manner.[3]
In addition, we note that Fleming and Smith both agreed to the continuation of their restitution hearings. In distinguishing State v. Hartwell, 38 Wash.App. 135, 684 P.2d 778 (1984) in Krall, we relied on the fact that the defendant in Hartwell had agreed to defer the restitution hearing. While a defendant cannot agree to have the court act outside its authority or jurisdiction, the Petitioners in this case can hardly argue they have been subject to a complete miscarriage of justice when the sentencing court had the authority to order restitution at the time of sentencing but did not on the basis of the Petitioners' request to defer the restitution hearings.
We dismiss the petitions.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] Former RCW 9.94A.142(1) provides: "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days." After our decision in State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), the Legislature, among other things, extended the time period during which restitution can be set to 180 days after sentencing. Laws of 1995, ch. 231, § 2.
[2] This court derived the fundamental defect standard from federal case law which recognized jurisdictional defects as a basis for habeas corpus relief. See Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, reh'g denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962).
[3] RCW 9.94A.140(2) provides: "[r]estitution may be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property."