[Nos. 40841-1-I; 42972-8-I;   Division One.   June 1, 1999.]
41922-6-I; 42781-4-I;
42782-2-I; 42783-1-I;
42853-5-I.

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES P. BURMASTER, *Appellant*.

THE STATE OF WASHINGTON, *Appellant*, v. BARBARA D. HARDAWAY, *Respondent*.

THE STATE OF WASHINGTON, *Respondent*, v. IVAN C. MURPHY, *Appellant*.

THE STATE OF WASHINGTON, *Appellant*, v. ALAN S. AGENA, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM D. WASHINGTON, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. JEFFREY L. HUNTER, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. MICHAEL D. HASTINGS, *Respondent*.

*Nielsen, Broman & Associates, P.L.L.C.*, by *James R. Dixon*, for appellant Burmaster.

*James H. Krider, Prosecuting Attorney of Snohomish County*, and *David F. Thiele, Deputy*, for appellant State.

*Nielsen, Broman & Associates, P.L.L.C.*, by *Christopher Gibson*, for appellant Murphy.

*Nielsen, Broman & Associates, P.L.L.C.*, by *Christopher Gibson*, for respondents Hardaway, Agena, Washington, and Hastings.

*Washington Appellate Project*, by *Stella S. Buder*, for respondent Hunter.

*K. Garl Long, Prosecuting Attorney of Skagit County*, and *Erik Pedersen, Deputy*, for respondent State.

BAKER, J. — These consolidated appeals involve challenges to restitution orders. Some of the orders were entered more than 60 days after sentencing and others were entered as ex parte orders. Motions to strike those orders were filed more than a year after sentencing became final. Burmaster and Murphy appeal the trial court's denial of their motions to strike restitution. The State appeals the trial court's grant of motions to strike restitution by Hunter, Washington, Hastings, Hardaway and Agena, contending that such motions are untimely. Hardaway cross-appeals the trial court's denial of her motion to refund restitution paid.

We hold that the non-final ex parte restitution orders of Murphy, Hunter, Washington, Hastings, Hardaway and

Agena are invalid and that the motions to strike these orders are timely. Because the State has not demonstrated that Burmaster waived the right to appeal his restitution order and because that order was invalid when entered, we reverse the trial court order that denied Burmaster's motion to strike. Finally, we affirm the denial of Hardaway's motion to refund restitution because she has not perfected this issue for appeal.

I

BURMASTER

Charles Burmaster pleaded guilty to theft and trafficking in stolen property, and was sentenced on May 5, 1989. At the time of sentencing, Burmaster's attorney agreed that restitution might be $4,000 to $5,000. The judgment and sentence stated that restitution will be set "[a]ccording to the Order of Restitution to be filed with the court at a future date." On August 8, 1990, 455 days after sentencing, the Prosecuting Attorney notified Burmaster that the restitution amount has been determined to be $5,741.15, and that:

> If you do not agree with this amount a hearing has been set for Aug. 17, 1990 at 9:30 a.m. . . . At this hearing a date may be set for you to contest the restitution amount.

> IF YOU FAIL TO APPEAR AT THE HEARING AND YOU FAIL TO MAKE A WRITTEN CHALLENGE TO THE ENTRY OF THE 'ORDER OF RESTITUTION', THE ORDER WILL BE SIGNED BY THE JUDGE AND BECOME EFFECTIVE IMMEDIATELY.

Burmaster did not appear at the restitution hearing and the proposed order was entered. The record does not indicate that Burmaster ever agreed to the amount of restitution in the proposed order. In July 1996, Burmaster filed a motion to strike the restitution order. Burmaster appeals the trial court's denial of that motion.

## MURPHY

A jury convicted Ivan Murphy of second degree assault, and he was sentenced on June 10, 1994. The court imposed restitution in an amount to be determined later "as established by separate order of this court." On August 30, 1994, 81 days after sentencing, the trial court entered an ex parte restitution order for $31,864.57. The record does not show that Murphy had notice of the hearing. The order stated:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

On September 14, 1994, Murphy filed an objection that failed to state any grounds for his objection. No hearing was scheduled. On February 24, 1995, the trial court entered an amended ex parte order raising the total amount of restitution to $47,171.71. On November 12, 1997, in response to the State's Notice of Violation, Murphy filed a motion to strike restitution. Murphy appeals the trial court's denial of that motion.

## HUNTER

Jeffrey Hunter pleaded guilty to burglary, and was sentenced on February 13, 1987. The court imposed restitution in an amount to be determined later "as established by separate order of this Court." Sixty-six days after sentencing, the court entered an ex parte restitution order for $59,293.93. The record does not show that Hunter had notice of the hearing. The order stated:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

On May 6, 1987, Hunter filed an objection that failed to state any grounds for his objection. No hearing was

scheduled. On May 14, 1998, in response to the State's Notice of Violation, Hunter filed a motion to strike restitution. In granting Hunter's motion, the trial court held:

> In Mr. Hunter's case, the state failed to establish restitution within the statutory period. Mr. Hunter objected to the order. Therefore, the ex parte order did not establish the amount of restitution. Furthermore, by that time it was not possible for the court to establish restitution in a timely fashion. The ex parte restitution order should be vacated.

The State appeals the trial court's order.

WASHINGTON

William Washington pleaded guilty to vehicular assault, and was sentenced on June 30, 1992. The court imposed restitution of $45, a $100 victim assessment, and $485 in recoupment for attorney fees, which total $630. Thirteen days later, the court entered an amended ex parte restitution order raising the total amount to $28,584.16. The record does not show that Washington had notice of the hearing. The order stated:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

On July 17, 1992, Washington filed an objection that failed to state any grounds for his objection. No hearing was scheduled. On May 6, 1998, in response to the State's Notice of Violation, Washington filed a motion to strike restitution. In granting Washington's motion, the trial court held that:

> Pursuant to *State v. Ryan*, 78 Wn. App. 758, 899 P.2d 825 (1995), restitution is not determined until an objecting defendant receives a restitution hearing. In this case, the defendant filed an objection to the ex parte restitution order signed on July 10, 1992. Because no restitution hearing was provided within sixty days of sentencing, restitution has never been

"determined" under *State v. Ryan*. This restitution order was not a final, enforceable order.

Former RCW 9.94A.142(1), which was in effect at the time this ex parte restitution order was signed, required that restitution be determined within sixty days of sentencing. Because it has been much longer than sixty days since sentencing, holding a restitution hearing today would serve no practical value. Similarly, because the remedy had expired by the time of any community supervision violation hearings, the defendant did not waive his objection.

The State appeals the trial court's order which granted Washington's motion to strike.

HASTINGS

Michael Hastings pleaded guilty to burglary, and was sentenced on January 11, 1994. The court imposed restitution in an amount to be determined later "as established by separate order of this court." Sixty-six days after sentencing, the court entered an ex parte restitution order for $3,359.67. The record does not show that Hastings had notice of the hearing. The order stated:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

Hastings does not allege that he filed an objection to the restitution order before he filed his motion to strike restitution on March 25, 1998. The record does not indicate that Hastings ever agreed to the amount of restitution in the order or made payments. In granting Hastings' motion, the trial court found that the ex parte restitution order was entered without prior notice to Hastings or his attorney, that a restitution hearing was never scheduled or heard, and that:

> This ex parte restitution order contained open-ended language which did not set out the time frame by which a defendant

had to object. The ex parte restitution order was therefore not a final, appealable order pursuant to RAP 2.2. Former RCW 9.94A.142(1) required that restitution be determined within sixty days of sentencing. Restitution was not determined within that time frame. Because sixty days have long since passed, holding a restitution hearing today would be of no practical value.

The State appeals the trial court's order which granted Hastings' motion to strike.

## HARDAWAY

Barbara Hardaway pleaded guilty to theft, and was sentenced on May 5, 1993. The court imposed restitution in an amount to be determined later "as established by separate order of this court." Thirty-four days after sentencing, the court entered an ex parte restitution order for $4,319.13. The record does not show that Hardaway had notice of the hearing. The order stated:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

On June 10, 1993, Hardaway filed an objection that failed to state any grounds for her objection. No hearing was scheduled. The record does not indicate that Hardaway ever agreed to the amount of restitution in the order or made payments.

On January 7, 1998, in response to the State's Petition for Order Modifying Sentence, Hardaway filed a motion to strike restitution. After the court adjudicating Hardaway's motion indicated that her motion would be granted, Hardaway orally moved to refund restitution monies already paid, but provided no evidence of the amount paid. The court denied Hardaway's request to refund restitution amounts already paid. The court later held:

> Pursuant to *State v. Ryan*, 78 Wn. App. 758, 899 P.2d 825

(1995), restitution is not determined until an objecting defendant receives a restitution hearing. Former RCW 9.94A.142, the statute in effect at the time this order was entered, required that restitution be determined at sentencing or within sixty days of sentencing. The State acknowledged in *Ryan* that an ex parte restitution order is not final and enforceable if the defendant objects to it.

In this case, the defendant promptly filed an objection to the ex parte restitution order signed on May 24, 1993. Nevertheless, the defendant was not given a restitution hearing within sixty days of sentencing. Restitution has therefore never been "determined" pursuant to *Ryan* and the ex parte restitution order is not a final, enforceable order. A restitution hearing today would serve no purpose as it has been much longer than sixty days since sentencing. . . .

. . . The court denies the defense motion to refund the restitution that has already been paid in this case by the defendant. This court finds no further money is owing in this matter. Community supervision is hereby terminated. . . .

The State appeals the trial court's order which granted Hardaway's motion to strike. Hardaway cross-appeals denial of her motion to refund restitution monies already paid.

AGENA

Alan Agena pleaded guilty to attempting to elude a pursuing police vehicle and hit and run—injury accident, and was sentenced on May 5, 1994. The court imposed restitution in an amount to be determined later "as established by separate order of this court." Seventy-seven days after sentencing, the court entered an ex parte restitution order for $2,206.51. The record does not show that Agena had notice of the hearing. The order stated:

A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.

On October 21, 1994, Agena filed an objection that failed to state any grounds for his objection. No hearing was scheduled. On March 17, 1998, in response to the State's Petition for Order Modifying Sentence, Agena filed a motion to strike restitution. In granting Agena's motion, the trial court held that:

> Pursuant to *State v. Ryan*, 78 Wn. App. 758, 899 P.2d 825 (1995), restitution is not determined until an objecting defendant receives a restitution hearing. In this case, the defendant filed an objection to the ex parte restitution order signed on October 18, 1994. Because no restitution hearing was heard, restitution has never been "determined" under *State v. Ryan*. This restitution order was not a final, enforceable order. RCW 9.94A.142(1), which retroactively applies to cases sentenced after July 23, 1994, requires that restitution be determined within one hundred eighty days of sentencing. Because one hundred eighty days have passed since sentencing, holding a restitution hearing today would be of no practical value. . . .

The State appeals the trial court's order which granted Agena's motion to strike.

## II

RCW 9.94A.142(1), as enacted in 1985 states in relevant part:

> When restitution is ordered, *the court shall determine the amount of restitution due at the sentencing hearing or within sixty days* and shall set the terms and conditions under which the defendant shall make restitution. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten-year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime. . . .

(Emphasis added.) RCW 9.94A.142(1), was amended effective July 1, 1990 as follows:

When restitution is ordered, *the court shall determine the amount of restitution due at the sentencing hearing or within sixty days*. The court shall then set a minimum monthly payment that the offender is required to make towards the restitution that is ordered. The court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have. During the period of supervision, the community corrections officer may examine the offender to determine if there has been a change in circumstances that warrants an amendment of the monthly payment schedule. The community corrections officer may recommend a change to the schedule of payment and shall inform the court of the recommended change and the reasons for the change. The sentencing court may then reset the monthly minimum payments based on the report from the community corrections officer of the change in circumstances. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten-year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime. . . .

(Emphasis added.) RCW 9.94A.142(1), was amended in 1994 as follows:

When restitution is ordered, *the court shall determine the amount of restitution due at the sentencing hearing or within sixty days*. The court shall then set a minimum monthly payment that the offender is required to make towards the restitution that is ordered. The court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have. During the period of supervision, the community corrections officer may examine the offender to determine if there has been a change in circumstances that warrants an amendment of the monthly payment schedule. The community corrections officer may recommend a change to the schedule of payment and shall inform the court of the recommended change and the reasons for the change. The

sentencing court may then reset the monthly minimum payments based on the report from the community corrections officer of the change in circumstances. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period is longer. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten-year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime. . . .

(Emphasis added.) After entry of the orders here, RCW 9.94A.142 was amended in 1995 as follows:

(1) When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days except as provided in subsection (3) of this section. The court may continue the hearing beyond the one hundred eighty days for good cause. The court shall then set a minimum monthly payment that the offender is required to make towards the restitution that is ordered. The court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have. During the period of supervision, the community corrections officer may examine the offender to determine if there has been a change in circumstances that warrants an amendment of the monthly payment schedule. The community corrections officer may recommend a change to the schedule of payment and shall inform the court of the recommended change and the reasons for the change. The sentencing court may then reset the monthly minimum payments based on the report from the community corrections officer of the change in circumstances. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period is longer. The portion of the sentence concerning restitution may be modified as to

amount, terms and conditions during the ten-year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime. The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount.

. . . .

(3) Regardless of the provisions of subsections (1) and (2) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW. If the court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the department of labor and industries, as administrator of the crime victims' compensation program, may petition the court within one year of entry of the judgment and sentence for entry of a restitution order. Upon receipt of a petition from the department of labor and industries, the court shall hold a restitution hearing and shall enter a restitution order.

The 1995 amendment, LAWS OF 1995, ch. 231, § 1, extended the period for determination of the amount of restitution from 60 to 180 days, inserted the sentence concerning continuation of the hearing for good cause, and inserted the sentence prohibiting the court from reducing restitution. The Legislature also provided for retroactive application of those RCW 9.94A.142(1) provisions when:

(1) the court failed to set restitution within 60 days of sentencing;

(2) a defendant was sentenced after July 23, 1994; and

(3) a defendant is not unfairly prejudiced by the delay.

Under those circumstances, which are not found in any of the cases at bar, the court may set restitution within 180

50

days of July 23, 1995, or at a later hearing set by the court for good cause.[1]

## III

Before addressing the details of each consolidated appeal, we review the law relating to the timely entry of restitution orders.

In *State v. Krall*,[2] Krall challenged a restitution order entered 185 days after sentencing.[3] Krall attended the restitution hearing, objected to the timeliness of the hearing, and appealed the restitution order.[4] The court held that the Legislature's use of the word "shall" in RCW 9.94A.142(1) is a mandatory directive to determine restitution within 60 days of sentencing, and reversed the restitution order.[5]

This court applied *Krall* in the consolidated direct appeal of *State v. Ryan*.[6] Ryan was convicted of burglary and malicious mischief, and ordered at sentencing to pay restitution in an amount to be established by a separate order of the court.[7] One month later, the court entered an ex parte order which instructed Ryan to move for and schedule a hearing if he objected to the amount.[8] Ryan filed an objection three weeks later and requested a restitution hearing after four additional months had passed.[9] At the hearing, Ryan

[1]LAWS OF 1995, ch. 231 § 5.

[2]125 Wn.2d 146, 881 P.2d 1040 (1994).

[3]*Krall*, 125 Wn.2d at 148.

[4]*Id.*

[5]*Id.* at 148-49.

[6]78 Wn. App. 758, 899 P.2d 825, *review denied*, 128 Wn.2d 1006 (1995).

[7]*Ryan*, 78 Wn. App. at 760-61.

[8]*Id.* at 761.

[9]*Id.*

challenged only the restitution of $10,130 in attorney fees, and restitution was set at $19,072.[10]

Taton, the other appellant in *Ryan*, pleaded guilty to vehicular homicide and vehicular assault, and agreed in his guilty plea to pay restitution.[11] At sentencing, the court imposed restitution in an amount to be established by a separate order of the court.[12] Within 60 days, the court entered an ex parte restitution order for $99,454 which advised Taton that:

> A defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion.[13]

Taton filed an objection two weeks after the order was entered but did not schedule a hearing.

The *Ryan* court noted that restitution must be accurately determined either by (1) a defendant's admission or acknowledgement, or (2) by a preponderance of the evidence at an evidentiary hearing.[14] It is the State's obligation to establish the amount of restitution.[15] The *Ryan* court also noted that Ryan and Taton's ex parte restitution orders did not establish a deadline for objecting and thus "[a] defendant could schedule a hearing one week, one month, or even one year after sentencing, a fact the State concedes."[16] The *Ryan* court held that accurate determination at a hearing must take place within 60 days of sentencing if a defendant objects to the amount of restitution set

---

[10]*Ryan*, 78 Wn. App. at 761.

[11]*Id.* at 760.

[12]*Id.*

[13]*Id.* The ex parte orders of Murphy, Hunter, Washington, Hastings, Hardaway, and Agena include identical language.

[14]*Id.* at 761-62.

[15]*Id.* at 762.

[16]*Id.*

in an ex parte order.[17] The burden of ensuring that restitution is accurately determined within 60 days is borne by the State and cannot be shifted to a defendant, despite language in an ex parte order which purportedly requires a defendant to schedule a hearing.[18] Moreover, although RCW 9.94A.142(1) allows a court to modify restitution orders for up to 10 years following an offender's release from confinement or entry of judgment and sentence, the *Ryan* court further held that a court's ability to modify a restitution order does not impact the initial obligation to accurately determine the amount of restitution within 60 days of sentencing.[19]

Because the statutory time constraint could not be observed after Taton filed an objection to the ex parte order, this court vacated his restitution order.[20] Because Ryan challenged only the restitution of $10,130 in attorney fees, the remainder of the restitution order was deemed acknowledged.[21] We thus vacated the portion of Ryan's restitution order representing the legal fees to which Ryan objected.[22]

*Ryan* was cited with approval in *State v. Moen*.[23] A jury convicted Moen of theft and robbery, and Moen was sentenced on February 14, 1994.[24] At the sentencing hearing, Moen expressed his desire to pay restitution.[25] Over 60 days after the sentencing hearing, a restitution order was entered without a hearing, and Moen appealed the judg-

---

[17]*Ryan*, 78 Wn. App. at 762.

[18]*Id.*

[19]*Id.*

[20]*Id.* at 763-64.

[21]*Id.*

[22]*Id.* at 764.

[23]129 Wn.2d 535, 919 P.2d 69 (1996).

[24]*Moen*, 129 Wn.2d at 537.

[25]*Id.*

ment and sentence, challenging the restitution order as untimely.[26]

Although Moen had expressed a desire to pay restitution, the *Moen* court noted that a jury had convicted Moen and that restitution is mandatory under RCW 9.94A.142(2) following conviction of an offense which results in injury to any person or loss of property.[27] Thus, Moen's desire to pay restitution was irrelevant.[28] Noting the similarity of Moen to Taton in *Ryan*, the court approvingly summarized *Ryan* as follows:

> At sentencing, the court ordered Taton to pay restitution in an amount to be determined by separate order. Six weeks after the sentencing the State filed an ex parte order fixing restitution. Two weeks after the order was signed the defendant filed his objection to the amount. Initially, the Court of Appeals observed that restitution may be "determined" for purposes of RCW 9.94A.142(1) either through an admission or acknowledgment of the defendant or by a preponderance of evidence in an evidentiary proceeding. As the Court of Appeals noted, Taton had not agreed to the amount of restitution, which was determined ex parte, nor did the order establish a deadline by which the defendant was required to object. "[A]n ex parte restitution order is final and enforceable only if the defendant does not object. . . ." Because the order was open-ended and the defendant could object even a year after entry, the ex parte order did not constitute an agreement or acknowledgment of the restitution amount sufficient to determine the amount of restitution within the meaning of RCW 9.94A.142(1).

---

[26]*Moen*, 129 Wn.2d at 537-38.

[27]*Id.* at 540. The *Moen* court also noted that the defendant did not agree to pay restitution as part of a plea agreement. Entry of a restitution order more than 60 days after sentencing was upheld where a defendant agreed to pay exactly $1,800 in restitution for forged checks as part of a plea agreement because the amount of restitution was "determined" within the 60-day limit of RCW 9.94A.142(1). *State v. Hunsicker*, 129 Wn.2d 554, 919 P.2d 79 (1996). The State does not argue that *Hunsicker* is applicable to any of the cases at bar, and concedes that the plea agreements of respondents Hunter, Washington, Hastings, Hardaway, and Agena do not specify an exact amount of restitution due upon sentencing. *Hunsicker* is not relevant to the appeal of Murphy because he was convicted by a jury, and a review of the record in Burmaster does not indicate that the amount of restitution was determined as part of a plea agreement.

[28]*Moen*, 129 Wn.2d at 540.

In this case, as in *Ryan*, the amount of restitution was unknown at the time of sentencing and needed to be "determined" as required by RCW 9.94A.142(1). Restitution was finally determined three months after the sentencing hearing through an ex parte order prepared by the State. . . . [T]he most that should be said about the [*Moen*] order is that entry of the order was not contested.

Most importantly, the order in this case was entered some three months after the sentencing hearing. In *Krall*, the order was invalid because it was too late when entered. We will not construe an uncontested order entered after the mandatory 60-day period of former RCW 9.94A.142(1) had passed as a waiver of that timeliness requirement; it was *invalid when entered*.[29]

In response to the State's contention that failure to object to the ex parte order before appealing precluded review, the *Moen* court noted:

Where a restitution order is involved, the defendant's failure to object to a late order does not entail the potential for abuse as [failure to object at trial] . . . the defendant is not withholding an objection in order to take a chance on a favorable verdict. All that is involved is a court ruling the restitution order *invalid* because the timeliness requirement has not been met. Whether the trial court or the appellate court makes that determination is a distinction with little difference, once the time period has passed.[30]

The order setting Moen's restitution was thus reversed.[31]

Turning now to the cases at bar, the State argues that Murphy, Hunter, Washington, Hastings, Hardaway, and Agena are precluded from challenging the ex parte restitution orders under *In re Restraint of Fleming*.[32] The consolidated appeal of *Fleming* considered whether un-

---

[29]*Moen*, 129 Wn.2d at 541-42 (citations omitted, emphasis added).

[30]*Id.* at 547 (emphasis added).

[31]*Id.* at 548.

[32]129 Wn.2d 529, 919 P.2d 66 (1996).

timely entry of restitution orders justifies collateral review and dismissal of such orders.[33] The *Fleming* petitioners agreed to the continuation of their restitution hearings and their restitution orders were entered after the 60-day limit under RCW 9.94A.142(1).[34] The petitioners contended that their restitution orders were invalid because they were entered more than 60 days after the sentencing date.[35]

Citing *Moen*, the *Fleming* court noted that an untimely restitution order may be addressed for the first time on appeal, even though an objection was not made to the trial court.[36] The court also stated that in order to secure relief by way of a personal restraint petition, a person must establish that they are being unlawfully restrained due to a " 'fundamental defect which inherently results in a complete miscarriage of justice.' "[37] The court agreed with the petitioners' contention that a restitution order may constitute unlawful restraint.[38] But, in dismissing the petitions, the court noted that the petitioners "can hardly argue they have been subject to a complete miscarriage of justice" when the sentencing court postponed determination of restitution at their request.[39]

Unlike the *Fleming* petitioners, Burmaster, Murphy, Hunter, Washington, Hastings, Hardaway, and Agena never agreed to, or requested, delay of determination of restitution at a hearing. And unlike the *Fleming* petitioners' determination of restitution at a hearing which they attended, the restitution determinations here took place in proceedings where the defendants were not present. Because of these differences, *Fleming* is distinguishable.

---

[33]*Fleming*, 129 Wn.2d at 530-31.

[34]*Id.* at 531-32, 534.

[35]*Id.* at 532.

[36]*Id.*

[37]*Id.* (quoting *In re Personal Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990)).

[38]*Id.* at 533.

[39]*Id.* at 534.

On the other hand, *Moen* is dispositive as to Murphy, Hunter, Washington, Hardaway, and Agena. They did not agree to the amount of restitution imposed by the ex parte orders and objected. They did not have notice of, or agree to, the ex parte restitution hearings or waive their presence at those hearings. Thus, there was no determination of restitution for purposes of RCW 9.94A.142(1).[40] Like the ex parte order in *Moen*, these orders did not set a deadline by which an objection was required and are not final orders.[41] Murphy, Hunter, Washington, Hardaway, and Agena properly moved the trial court to declare invalid these non-final restitution orders.[42]

Hastings differs somewhat from the other cases here because he did not file an objection to the restitution order before he filed his motion to strike restitution. Like the ex parte order in *Ryan*, this order "does not establish a deadline by which an offender must object or be considered to have acknowledged the amount of restitution."[43] It is not a final order.[44] Thus, as set forth in *Moen*, "[a]ll that is involved is a court ruling the restitution order invalid because the timeliness requirement has not been met. Whether the trial court or the appellate court makes that determination is a distinction with little difference, once the time period has passed."[45] Because the non-final ex parte restitution order was open-ended, Hastings "could object even a year after entry."[46] The State cites no authority which would bar Hastings from filing an objection to a non-final ex parte order even four years after entry. We

---

[40]*Moen*, 129 Wn.2d at 541.

[41]*Id.*

[42]*Id.* at 548.

[43]*Ryan*, 78 Wn. App. at 762.

[44]*Moen*, 129 Wn.2d at 541.

[45]*Id.* at 547.

[46]*Moen*, 129 Wn.2d at 541.

hold that the trial court properly struck Hastings' restitution order as invalid.

## IV

Burmaster differs from the other cases because he had notice of the restitution hearing which was held 455 days after sentencing. Burmaster did not appear at the hearing. But absent Burmaster's agreement, the 60-day time limit for entry of a restitution order is mandatory and a restitution order entered beyond that time is invalid when entered.[47] The State contends that Burmaster had notice of his rights regarding the restitution hearing and waived his right to appeal the determination made at that hearing. We are not persuaded.

The Washington Constitution provides a criminal defendant the right to appeal in all cases.[48] A convicted person must be aware of the right to appeal and the procedure necessary to vindicate that right.[49] However, a criminal defendant may make a voluntary, knowing, and intelligent waiver of the right to appeal.[50] The State bears the burden of demonstrating that waiver.[51] "[A] criminal appeal may not be dismissed as untimely unless the State demonstrates that the defendant voluntarily, knowingly and intelligently abandoned his appeal right."[52]

The record does not indicate that Burmaster voluntarily, knowingly and intelligently abandoned his appeal right. In fact, the State has not even shown that it attempted to present such evidence in response to Burmaster's motion. Under these circumstances, we will not dismiss Burmas-

[47]*Moen*, 129 Wn.2d at 542.

[48]Wash. Const. art. 1, § 22.

[49]*State v. Sweet*, 90 Wn.2d 282, 287, 581 P.2d 579 (1978).

[50]*State v. Tomal*, 133 Wn.2d 985, 989, 948 P.2d 833 (1997) (citing *Sweet*, 90 Wn.2d at 286).

[51]*Tomal*, 133 Wn.2d at 989 (citing *Sweet*, 90 Wn.2d at 286).

[52]*State v. Kells*, 134 Wn.2d 309, 313, 949 P.2d 818 (1998).

ter's appeal as untimely. Instead, we address Burmaster's arguments here as a direct appeal of his restitution order. Because Burmaster's restitution order was entered after the 60-day period mandated by former RCW 9.94A.142(1), it is invalid. We thus reverse the trial court order denying Burmaster's motion to strike.

## V

Finally, Hardaway contends that she is entitled to a refund of restitution paid. The party seeking review has the burden of perfecting the record so that an appellate court has before it all of the evidence relevant to the issue.[53] The record here does not provide adequate evidence that Hardaway made any payments under the restitution order. Nor does it disclose whether and to whom any payments made were disbursed. The record on appeal does not allow for meaningful review of this issue. Thus, we will not address Hardaway's cross appeal.

| | |
|---|---|
| State v. Burmaster | - REVERSED |
| State v. Murphy | - REVERSED |
| State v. Hunter | - AFFIRMED |
| State v. Washington | - AFFIRMED |
| State v. Hastings | - AFFIRMED |
| State v. Hardaway | - AFFIRMED/CROSS-APPEAL - AFFIRMED |
| State v. Agena | - AFFIRMED |

[53]*St. Hilaire v. Food Servs. of Am., Inc.*, 82 Wn. App. 343, 352, 917 P.2d 1114 (1996) (quoting *Allemeier v. University of Wash.*, 42 Wn. App. 465, 472, 712 P.2d 306 (1985)).

WEBSTER and COX, JJ., concur.

Reconsideration denied July 12, 1999.

Review granted at 139 Wn.2d 1014 (2000).