60 P.3d 1213 (2002)
113 Wash.App. 494
STATE of Washington, Respondent,
v.
Alan DORENBOS, Appellant.
No. 49525-9-I.
Court of Appeals of Washington, Division 1.
August 19, 2002.
Reconsideration Denied September 24, 2002.
Publication Ordered September 26, 2002.
Alan Dorenbos, Pro se.
Norm Maleng, Prosecuting Attorney, James M. Whisman, Catherine M. McDowall, Deputies, Seattle, WA, for Respondent.
PER CURIAM.
Alan Dorenbos sought to vacate a restitution order, alleging that the order was untimely because it was entered more than 60 days after sentencing. But Dorenbos' motion was also untimely as it was filed over seven years after the restitution order was entered, far beyond the one-year time limit for collateral attack. We thus affirm the superior court's ruling denying Dorenbos' motion.

*1214 Facts

Alan Dorenbos was found guilty of second degree murder for killing his wife and was sentenced for that crime on December 8, 1992. On December 3, 1993, the trial court entered an order imposing $9,364.56 in restitution. On July 23, 2001, Dorenbos filed a motion to vacate the restitution order, citing CrR 7.8(b)(4) and (5). The superior court denied the motion on October 16, 2001, ruling that it was untimely.

Analysis
Dorenbos challenges the restitution order, contending that the trial court lacked jurisdiction and statutory authority to enter it because it was untimely under former RCW 9.94A.142(1), which required that the amount of restitution be determined within 60 days of sentencing.[1]
But motions brought under CrR 7.8 are expressly subject to the limitation period in RCW 10.73.090.[2] RCW 10.73.090(1) bars collateral attack brought more than one year after the judgment and sentence becomes final. Dorenbos filed his motion to vacate over seven years after his restitution order became final. He argues, however, that RCW 10.73.090(1) does not apply because the trial court lacked jurisdiction to set restitution beyond 60 days and therefore, the exception of RCW 10.73.100(5) applied.[3] This argument is without merit. Our Supreme Court has held that "untimely imposition of restitution as a condition of a sentence is not a jurisdictional defect."[4] A restitution order entered beyond 60 days is merely voidable, not void for lack of jurisdiction. The exception of RCW 10.73.100(5) thus did not apply.
Dorenbos also contends that RCW 10.73.090(1) applies only to collateral attacks on judgment and sentences. He argues that because he is only attacking a restitution order entered after the trial court entered his judgment and sentence, the statutory time bar does not apply. Contrary to this argument, a restitution order becomes part of the offender's sentence once imposed.[5] Since Dorenbos' CrR 7.8 motion essentially attacks a portion of his sentence, the time bar of RCW 10.73.090(1) applies.
Dorenbos also argues that the one year time limit did not apply because an untimely restitution order is facially invalid. RCW 10.73.090(1) forbids collateral attack beyond a year if the judgment and sentence being challenged is "valid on its face." "[I]nvalid on its face" for purposes of RCW 10.73.090(1) means that the judgment's infirmities are evident without further elaboration.[6] The face of Dorenbos' judgment and restitution order indicate that restitution was set more than 60 days after sentencing. A defendant, however, may waive the time limit of former RCW 9.94A.142(1) or agree to continue a restitution hearing beyond the deadline.[7] To determine whether the order in this case was truly untimely or whether it had been entered late by Dorenbos' agreement would require us to look beyond the face of the restitution order and judgment. Because of this, we cannot determine "without further elaboration" that the restitution order is facially invalid.[8] Dorenbos fails to *1215 show that RCW 10.73.090 does not apply and his challenge to his seven-year-old restitution order is time barred.[9]
Finally, we note that Dorenbos is not entitled to relief on the merits of his motion.[10] Rather than directly appealing his restitution order, Dorenbos opted to collaterally attack it under CrR 7.8(b)(4) and (5).[11] A final yet untimely restitution order is not a "fundamental defect" that entitles a defendant to relief on collateral attack.[12] In light of this, it cannot reasonably be characterized as an "extraordinary circumstance" warranting collateral relief under CrR 7.8(b)(5). And as mentioned above, an untimely restitution is merely erroneousit is not "void."[13] Mistakes of law may not be corrected by a motion for relief from judgment under CrR 7.8(b) but must be challenged on direct appeal.[14] Thus, the trial court would have erred in vacating Dorenbos' restitution order under CrR 7.8(b).
We affirm the trial court because Dorenbos' motion was untimely and also because Dorenbos was not entitled to relief under CrR 7.8(b).
NOTES
[1] Former RCW 9.94A.142(1) provided in pertinent part: "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within 60 days." The statute was later amended to extend this period to 180 days. Laws 1995, ch. 231 § 2.
[2] CrR 7.8(b); State v. Brand, 120 Wash.2d 365, 370-71, 842 P.2d 470 (1992).
[3] RCW 10.73.100(5) provides that the one year bar on collateral attack does not apply where "the sentence imposed was in excess of the court's jurisdiction."
[4] State v. Moen, 129 Wash.2d 535, 545, 919 P.2d 69 (1996); In re Fleming, 129 Wash.2d 529, 533, 919 P.2d 66 (1996).
[5] State v. Edelman, 97 Wash.App. 161, 166, 984 P.2d 421 (1999), review denied, 140 Wash.2d 1003, 999 P.2d 1262 (2000).
[6] In re Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000).
[7] State v. Hunsicker, 129 Wash.2d 554, 919 P.2d 79 (1996); Fleming, 129 Wash.2d at 533, 919 P.2d 66.
[8] See State v. Ammons, 105 Wash.2d 175, 188, 713 P.2d 719 (1986), 718 P.2d 796, cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).
[9] We also note that CrR 7.8(b) also requires that motions to vacate be brought within a "reasonable time." It is difficult to imagine how a delay of seven years could be considered reasonable in this case.
[10] See LaMon v. Butler, 112 Wash.2d 193, 200-01, 770 P.2d 1027, cert. denied, 493 U.S. 814, 110 S.Ct. 61, 107 L.Ed.2d 29 (1989) (appellate court may affirm trial court's ruling on any theory supported by the record even if the trial court did not consider it).
[11] Brand, 120 Wash.2d at 369-70, 842 P.2d 470.
[12] Fleming, 129 Wash.2d at 532-33, 919 P.2d 66.
[13] See CrR 7.8(b)(4)(allowing court to vacate judgment on the grounds that it is void).
[14] State v. Dennis, 67 Wash.App. 863, 865-66, 840 P.2d 909 (1992).